**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **DOCKET NO.  00-30043-01** |
| **VERSUS** | * | **JUDGE ROBERT G. JAMES** |
| **RALPH EDWARD PLACE** | * | **MAG. JUDGE KAREN L. HAYES** |

## REPORT AND RECOMMENDATION

Before the Court are three Claims of Exemption From Garnishment [doc. # 80, pp. 1-6], a Motion for Hearing [doc. # 80, p. 18], and a Motion to Transfer [doc. # 81] filed by Defendant, Ralph Edward Place. These matters have been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.  For reasons assigned below, it is recommended that the claims of exemption and both motions be DENIED.

## Background Facts and Procedural History

On August 24, 2001, this Court entered a Judgment [doc. # 30] following Defendant's guilty plea to Wire Fraud under 18 U.S.C. §1343.  Defendant was sentenced to 18 months imprisonment and 3 years of supervised release.  Defendant was further sentenced to pay an assessment of $100.00 and restitution to five individuals totaling $365,500.00.  This Court ordered that "[a]ny restitution that remains unpaid at the time of the defendant's release from confinement shall be payable in monthly installments in the amount of $500.00 to begin 30 days from his release, and continuing monthly thereafter until paid in full."  Defendant was released from incarceration on January 9, 2003.  *See* Doc. # 36.  On May 10, 2004, the Court entered an

1

Order [doc. # 34] reducing the amount of the restitution monthly payment to $300.00.  On

January 8, 2006, Defendant was released from supervision.  *See* Doc. # 82, p. 10.

On April 24, 2018, the US Attorney filed a Writ of Continuing Garnishment [doc. #79]

(the "Writ") against Defendant's bank account with JPMorgan Chase Bank N.A.  Attached to the

Writ was a Clerk's Notice of Post-Judgment Garnishment (the "Clerk's Notice"), a blank Motion

for Hearing form, and a blank Claim for Exemption Form.  *See* Doc. # 79-1.  The Clerk's Notice

included the following paragraph:

> If you think you live outside the federal judicial district in which the court is
> located, you may request, not later than 20 days after you receive this notice, that
> this proceeding to take your property be transferred by the Court to the federal
> judicial district in which you reside. You must make your request in writing, and
> either mail it or deliver it in person to the Clerk of Court.

Clerk's Notice, doc. # 79-1, p. 2.

On May 24, 2018, Defendant made two filings. First, he filed the Writ and attached

documents [doc. # 80].  This included three executed copies of the Claim Exemption Form,

wherein Defendant claimed the same exemption: the funds sought to be garnished are

unemployment benefits.  *See* Doc. # 80, pp. 1-6.  Defendant also attached, but did not execute, a

copy of the Motion for Hearing form.  *See id.* at p. 18.  The second filing was a letter addressed

to the Clerk of Court [doc. # 81], wherein Defendant asserts that he has resided outside the

Western District of Louisiana for 15 years and requests that the proceedings be transferred to the

judicial district where he resides.  Defendant lists an address in Decatur, Texas, which is in the

Northern District of Texas, Fort Worth Division.

On May 29, 2018, the United States filed its Response in Opposition to Defendant's

Motion for Exemptions Hearing and Transfer [doc. # 82], arguing that Defendant's claims of

exemption are invalid and noting that Defendant does not dispute that the funds are owed. Accordingly, the United States concludes that no hearing is warranted and that transferring the case would only serve to delay collection. For the reasons stated below, the undersigned agrees.

**I.      Collection of Restitution Judgments.**

The Mandatory Victim Restitution Act, ("MVRA"), provides that when sentencing a criminal defendant, "the court shall order . . . that the defendant make restitution to the victim of the offense . . . ." 18 U.S.C. § 3663A(a)(1). The MVRA also provides that the government may enforce restitution orders "in the same manner it recovers fines and by all other available means." *United States v. Phillips*, 303 F.3d 548, 551 (5th Cir. 2002). This includes use of the Federal Debt Collection Procedures Act ("FDCPA") (28 U.S.C. § 3001 *et seq.*). *Id.* The FDCPA authorizes the government to seek and a court to issue a "writ of garnishment against property (including nonexempt disposable earnings) in which the debtor has a substantial nonexempt interest and which is in the possession, custody, or control of a person other than the debtor, in order to satisfy the judgment against the debtor." 28 U.S.C. § 3205(a).

**II.      Claims of Exemption.**

The government may enforce a restitution order via garnishment against "all property or rights to property of the [defendant]," excluding a limited list of exempt property. 18 U.S.C. § 3613(a). The following types of property are exempt from garnishment: (1) wearing apparel and school books; (2) fuel, provisions, furniture, and personal effects not to exceed $9,380 in value; (3) books and tools of a trade, business or profession not to exceed $4,690 in value; (4) unemployment benefits; (5) undelivered mail; (6) annuity and pension payments under the Railroad Retirement Act, benefits under the Railroad Unemployment Insurance Act, and certain

payments for military service; (7) workman's compensation; (8) judgments for support of minor children; (9) certain service-connected disability payments; and (10) assistance under the Job Training Participation Act.   18 U.S.C. § 3613(a)(1) ("[P]roperty exempt from levy for taxes pursuant to section 6334(a)(1), (2), (3), (4), (5), (6), (7), (8), (10), and (12) of the Internal Revenue Code of 1986 shall be exempt from enforcement of the judgment under Federal law").

Defendant asserts that the subject property is exempt from garnishment as unemployment benefits.  Claim of Exemption Forms, doc. # 80, pp. 1-6.  However, the exemption for unemployment benefits includes only "any amount *payable* to an individual with respect to his unemployment (including any portion thereof payable with respect to dependents) under an unemployment compensation law of the United States, or any State . . ."  26 U.S.C. § 6334(a)(4). This exemption does not apply to previously received unemployment benefits.  *See Cathey v. U.S. I.R.S.*, 200 F.3d 814 (5th Cir. 1999) ("[W]e agree that § 6334(a)(7) does not prohibit a levy of funds already paid-as opposed to payable-as worker's compensation.").

Here, the United States seeks to garnish Defendant's bank account.  Such funds, by their presence in Defendant's bank account, cannot be *payable* unemployment benefits.  *Hughes v. I.R.S.*, 62 F. Supp. 2d 796, 801 (E.D.N.Y. 1999) ("'The funds, by plaintiffs' own admission, were taken from their bank account—they were not garnished at the source. Thus, the very act of the levy—directly from the plaintiffs' account—signifies that the funds already had been paid, and therefore were no longer 'payable.'" (quoting *Fredyma v. United States of America, Dep't of the Treasury*, No. 96–477–SD, 1998 WL 77993, at *4 (D.N.H. Jan.9, 1998)).  Accordingly, the undersigned concludes that the Court should deny Defendant's claims of exemption.

**III.    Motion to Transfer.**

4

Defendant requests that the court transfer this matter to the district where he currently resides and has resided for 15 years, the Northern District of Texas, Fort Worth Division. *See* Motion to Transfer, doc. # 81. The United States argues that the Court has the discretion to deny Defendant's request and that it should do so. *See* Response, doc. # 82, pp. 7-10.

The FDCPA provides that "[i]f the debtor so requests, within 20 days after receiving the notice . . ., the action or proceeding in which the writ . . . was issued shall be transferred to the district court for the district in which the debtor resides." 28 U.S.C. § 3004(b)(2). Courts are split on whether such a requested transfer is mandatory or discretionary where good cause is shown. *Compare US v. Nash*, 175 F.3d 440, 442 (6th Cir. 1999)("Because the plain language of [FDCPA] is mandatory, the district court must grant a transfer as long as it is made in a timely manner.") *with United States v. Mathews*, 793 F. Supp. 2d 72, 75 (D.D.C. 2011) ("[T]he FDCPA's transfer provision is not mandatory."). In fact, there is even division among the U.S. District Courts in Louisiana on this issue. *Compare United States v. Grewell*, No. CIV.A. 97-170, 1997 WL 599302, at *2 (E.D. La. Sept. 24, 1997) ("[T]he language of the automatic transfer provision of Section 3004(b)(2) is clear.") *with* United States v. Cooke, No. 99-CR-50089, 2017 WL 4172630, at *4 (W.D. La. Aug. 31, 2017), report and recommendation adopted, No. 99-CR-50089, 2017 WL 4171389 (W.D. La. Sept. 19, 2017) ("The issue is subject to reasonable debate, but the undersigned recommends that the court find that it has discretion under the facts of this case to deny the request for transfer of venue."). There is no Fifth Circuit precedent on the issue.

The Courts which have held that the FDCPA's transfer provision is mandatory and automatic employed straightforward reasoning, relying heavily on "clear" and "plain meaning"

of the term "shall." *See Nash*, 175 F.3d at 442; *Grewell*, 1997 WL 599302, at *2. The Courts

that found flexibility to deny a transfer request interpreted the provision in context with other

FDCPA provisions and statutes. In *Matthews*, the Court held "the FDCPA's grant of plenary

authority to district courts to 'deny[ ], limit[ ], condition[ ], regulat[e], extend[ ], or modify[ ] the

use of any enforcement procedure' clearly allows a court to deny a timely transfer motion for

good cause, and good cause to deny transfer ordinarily would exist where transfer is requested

merely to delay or frustrate efforts to collect on restitution judgments." *United States v.*

*Mathews*, 793 F. Supp. 2d 72, 75 (D.D.C. 2011) (quoting *United States v. Gipson*, 714 F. Supp.

2d 571, 576 (E.D. Va. 2010). In *Cooke*, Magistrate Judge Hornsby summarized the case law

holding that the FDCPA's transfer provision as discretionary as follows:

> Other court[s] have noted that the FDCPA states that it "shall not be construed to
> curtail or limit the right of the United States under any other Federal law" to
> collect restitution arising in a criminal case. 28 U.S.C. § 3003(b)(2). Considering
> that language and the strong policy behind the MVRA, some courts have held that
> the venue provision in the FDCPA sometimes "must give way" to deficient
> collection of restitution. *U.S. v. Poulsen*, 2010 WL 1849294 (S.D. Ohio), citing
> *U.S. v. Tedder*, 2004 WL 415270, *4 (W.D. Wis. 2004). Other decisions have
> harmonized the statutes and held that "a debtor is entitled to transfer unless it is
> shown that such transfer is requested merely for delay or frustration of collection
> efforts." *U.S. v. French*, 2015 WL 5167641, *3 (W.D. Ky 2015), citing *Gipson*,
> 714 F.Supp. 2d at 576.

*Cooke*, 2017 WL 4172630, at *4. Magistrate Judge Hornsby further noted that, although the

Sixth and Eleventh Circuit Courts held that the FDCPA's transfer provision was mandatory, the

cases before them involved tax crime convictions under Title 26, to which the MVRA's

restitution provisions do not apply. *Id. See also Nash*, 175 F.3d 440; *U.S. v. Peters*, 783 F.3d

1361 (11th Cir. 2015).

The undersigned agrees with Judge Hornsby's reasoning, and recommends that the

FDCPA's transfer provision should not be read to strip the Court of its inherent authority to prevent waste and abuse of the judicial process, and that it retains the authority to deny a timely transfer request for good cause "where transfer is requested merely to delay or frustrate efforts to collect on restitution judgments." *Mathews*, 793 F. Supp. 2d at 75.

Here, Defendant asserts that he has been living in the Northern District of Texas, Fort Worth Division for 15 years. *See* Motion to Transfer, doc. # 81. However, this is Defendant's first request to transfer this matter, despite three previous applications for a writ of continuing garnishment by the United States while Defendant apparently resided in Texas. *See generally* Application for Writ of Continuing Garnishment (Nov. 17, 2006), doc. # 37; Application for Writ of Continuing Garnishment (May 12, 2009), doc. # 51; and Application for Writ of Continuing Garnishment (Oct. 11, 2012), doc. # 67. Further, Defendant's only argument against the issuance of the requested garnishment is his assertion that the subject funds are exempt from garnishment as unemployment benefits. *See* Claim of Exemption, doc. # 81. For the reasons discussed above, that exemption clearly does not apply. Accordingly, the only effect of a transfer would be to delay the inevitable, which would waste the time and resources of all involved. For these reasons, the undersigned recommends that the Court conclude that there is good cause to deny Defendant's transfer request, and that the request be denied.

### IV.   Motion for Hearing.

As mentioned above, Defendant filed, but did not execute, a copy of the Motion for Hearing form that had been attached to the Clerk's Notice he received. *See* Motion for Hearing, doc. # 80, p. 18. The United States argues that a hearing is unwarranted because it has complied with all requirements for issuance of a garnishment, Defendant has not made valid exemption claims, and the restitution judgment was not obtained by default. *See* Response, doc. # 82, pp. 4-

5.

   The FDCPA provides that a judgment debtor may move to quash a garnishment order

within 20 days of receiving notice of the application for garnishment.  28 U.S.C. § 3202(d).  The

FDCPA further provides that the court "shall hold a hearing on such motion as soon as

practicable."  *Id.*  The FDCPA provides that such a hearing shall be limited to the following

issues:

>   (1) to the probable validity of any claim of exemption by the judgment debtor;
>   (2) to compliance with any statutory requirement for the issuance of the
>   postjudgment remedy granted; and
>   (3) if the judgment is by default and only to the extent that the Constitution or
>   another law of the United States provides a right to a hearing on the issue, to–
>>   (A) the probable validity of the claim for the debt which is merged in the
>>   judgment; and
>>   (B) the existence of good cause for setting aside such judgment.

*Id.*  Although the above statue states that the court *shall* hold a hearing, numerous court have

held that no hearing is required where the judgment debtor does not raise a colorable claim under

any of the three grounds.[1]  *See e.g., United States v. Tripodis*, No. 1:01-CR-109-WSD, 2016 WL

5389142, at *2 (N.D. Ga. Sept. 27, 2016) ("A defendant is not entitled to a hearing where he fails

to show the Government did not comply with a statutory requirement, or fails to present 'a

colorable claimed exemption.'" (quoting *United States v. Pugh*, 75 Fed.Appx. 546, 547 (8th Cir.

---

[1]*See also United States v. Marchand*, No. 2:15-mc-3719-MHT-SRW, 2017 WL 2857722, at *2 (M.D. Ala. May 4, 2017) (following *Tripodis*); *United States v. Beebe*, No. C18-78 TSZ, 2018 WL 571763, at *2 (W.D. Wash. Jan. 26, 2018) (holding that a hearing is unnecessary becuase judgment debtor has not presented a colorable claim for exemption); *United States v. Miller*, 588 F. Supp. 2d 789, 797 (W.D. Mich. 2008) ("Although the [FDCPA] states that the court 'shall hold a hearing' at the debtor's request, courts have denied a hearing where the debtor did not object based on one of the issues specified in 28 U.S.C. § 3202(d), where the objection is plainly without merit, or where the objection was simply a matter of statutory interpretation."); and *United States v. Bruneau*, No. CR–09–8098–1–PCT–FJM (LOA), 2013 WL 6409518, at *3 (D. Ariz. Oct. 23, 2013) (following *Miller*).

2003)).

Here, the restitution judgment was not obtained by default. *See* Judgment, doc. # 30. Defendant does not assert that the United Stated failed to comply with any statutory requirement for the issuance of the garnishment, and an independent review of the Application for Garnishment shows that the United States in fact did comply with all statutory requirements. Finally, for the reasons discussed above, Defendant's claim of exemption is not colorable. Accordingly, the undersigned recommends that the Court deny Defendant's request for a hearing.

## Conclusion

For the reasons stated above, **IT IS RECOMMENDED** that Defendant's Claims of Exemption [Doc. # 80, pp. 1-6] be **DENIED**.

**IT IS FURTHER RECOMMENDED** that Defendant's Motion for Hearing [doc. # 80, p. 18] and Motion to Transfer [doc. # 81] be **DENIED**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this Recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the District Judge at the time of filing. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE**

**SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** *See* 28 U.S.C. § 2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

In Chambers, Monroe, Louisiana, this 18th day of June 2018.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE